258 So.2d 33 (1972)
STATE of Florida, Plaintiff,
v.
Ronald ASTORE, Defendant.
No. 71-777.
District Court of Appeal of Florida, Second District.
February 2, 1972.
James T. Russell, State's Atty. and Otto E. Halboth, Asst. State's Atty., Clearwater, for plaintiff.
Jack F. White, Jr., Clearwater, for defendant.
McNULTY, Judge.
This certified question comes to us from the Sixth Judicial Circuit and concerns the constitutionality of the Florida statute making it unlawful to possess short-barreled rifles.[1] Florida statute § 790.221, F.S.A., reads, in pertinent part, as follows:
"It is unlawful for any person to own or to have in his care, custody, possession or control any short-barreled rifle, short-barreled shotgun, or machine gun which is, or may readily be made, operable... ."
Florida statute § 790.001(11), F.S.A., defines a "short-barreled rifle" as:
"... a rifle having one (1) or more barrels less than sixteen (16) inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon as modified has an over-all length of less than twenty-six (26) inches."
*34 We are asked to determine the constitutionality vel non of these statutes against the contentions that:
"1... . they are unconstitutionally vague.
2. [They] [v]iolate the Declaration of Rights of the Florida Constitution, F.S.A., Section 8 [F.S.A.], establishing the right to bear arms.
3. The classifications are unreasonable since they cover hand guns of all sorts made from any Rifle parts."
It is true that there are no controlling Florida cases "on all fours" with the question as posed. We nonetheless think that there are sufficient judicial guidelines concerning the first two aspects thereof, in somewhat similar and analogous cases, so that our opinion is, at this stage, unnecessary. As to the contention that that law violates the constitutional right to bear arms, see United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939). See, also, Davis v. State, 146 So.2d 892 (Fla. 1962). As to whether the statute is unconstitutionally vague, see United States v. Campbell, 427 F.2d 892 (5th Cir.1970); and United States v. Lauchli, 371 F.2d 303 (7th Cir.1966).
Considering now the third aspect of the question, we note that the definition section cited above includes, in its definition of a short-barreled rifle, "... any weapon made from a rifle...." This is the troublesome provision. The posed question is pregnant with whether such provision contemplates another type of weapon, such as perhaps a common hand gun, which is made from rifle parts. We don't think so. Apart from the fact that the word "parts" is not mentioned, and thus presumably intentionally omitted, if such were the legislative intent then it might well be an unreasonable classification as regulating only one segment of a class of non-rifle type weapon. We cannot so construe the statute and preserve its constitutionality, which we must do if reasonably possible.
Clearly, we think, the statute refers to a weapon which in its essence is an integral, operable rifle, as the term rifle is commonly understood, however much it is shortened and/or however it is rendered fireable, i.e., whether from the shoulder or as a common hand gun. It does not include weapons made from individual, non-integrated rifle parts, if such weapons are not otherwise "rifles." We agree with the suggestion made in the state's brief herein, for example, that if a person were to take the sight, or the trigger or other part of a rifle and adapt it to a hand gun or other non-rifle type weapon he would not be constructing a short-barreled rifle unless an accumulation of such parts change the character of the original weapon to that of a "rifle."
We interpose here, that from the description of the weapon involved in this case, as given in the state's Statement of Particulars, the question of whether the statute applies to a "hand gun" made from rifle "parts" may well not be raisable herein because it may be merely a hypothetical situation not within the facts. As such, the particular constitutional question based thereon would itself be a hypothetical and should not be decided.[2]
LILES, A.C.J., and MANN, J., concur.
NOTES
[1] An exception is made for these types of firearms, however, if they "... are lawfully owned and possessed under provisions of federal law... ." § 790.221(3).
[2] See, Victer v. State (Fla. 1965), 174 So.2d 544, where the appellant was convicted of the possession of explosives without a license in violation of F.S. § 552.101, F.S.A. The supreme court determined that the statute was constitutional as applied to appellant under the facts therein, adding that:

"... A decision of whether, as is suggested here, the term `explosives' as used in and defined by the statute may be construed to include everyday household items such as gasoline, kitchen matches, propane gas, etc. is not germane to our decision. Moreover, such possibility does not in itself, render the statute unconstitutional vel non..."