STELLA DELORES ALMAREZ, APPELLANT, V.
KLAUS HARTMANN, M.D., SUPERINTENDENT, LINCOLN
REGIONAL CENTER, APPELLEE.

318 N.W.2d 98

Filed April 9, 1982. No. 81-602.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch, for appellant.

Paul L. Douglas, Attorney General, and Martel J. Bundy, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.

WHITE, J.

Petitioner, Stella Delores Almarez, brought an action pursuant to Neb. Rev. Stat. §§ 29-2801 (Reissue 1979) and 83-1066(9) (Reissue 1976) for a writ of habeas corpus. In her petition, petitioner alleged: "1. Petitioner is unlawfully deprived of her liberty by respondent; 2. On January 9, 1981, petitioner was committed to the Lincoln Regional Center by the Mental Health Board for Madison County, Nebraska; 3. Respondent and those persons under his supervision prepared a discharge plan which was to be effective on March 20, 1981; 4. As of the filing of this petition, a discharge plan has not been implemented; 5. No good and sufficient reason exists for a failure to implement the discharge plan as it relates to petitioner; 6. The discharge plan prepared by respondent represents a less restrictive infringement upon the liberty interest of the petitioner; and 7. Petetioner is entitled to the least restrictive alternative which is available, as a matter of law." The District Court ordered the respondent to show cause why the writ should not be issued. In response to the order to show cause, respondent filed a pleading, entitled "Motion," which, in essence, was a demurrer, requesting that the petition for habeas corpus be dismissed on the ground that the petitioner's allegations, even if proven true, were wholly insufficient to support a writ of habeas corpus. The trial court sustained the respondent's motion and dismissed the petition. Petitioner appeals. We affirm.

Section 83-1066(9) states in pertinent part: "Subjects in custody or receiving treatment under this act shall have the right: . . . (9) To file, either personally or by counsel, petitions or applications for writs of habeas corpus for the purpose of challenging the legality of such subject's custody or treatment." Petitioner makes only one assignment of error and that is that the trial court erred in sustaining respondent's motion. For the purpose of determining respondent's demurrer, the District Court and this court are obligated to accept the petitioner's well-pleaded facts, as distinguished from conclusions, as true. *Sedlacek v. Hann,* 156 Neb. 340, 56 N.W.2d 138 (1952); *McAvoy v. Jones,* 149 Neb. 613, 31 N.W.2d 740 (1948).

The petitioner is not attacking the legality of the commitment process itself, since in paragraph 2 she alleges only that the petitioner was committed. No facts were alleged on which the court could conclude that a question exists as to the legality of the commitment. Under the plain terms of the petition, we are asked to determine whether the petitioner states sufficient facts to challenge the legality of her custody.

Fairly considered, the theory on which the petition is drafted seems to suggest that a "discharge plan" was prepared which suggested that the petitioner would be released on March 20, 1981. The petitioner alleges that she has not been released according to the discharge plan, that no reason exists for the failure to implement the plan, and that the implementation of the plan provides a least restrictive alternative. The petition does not allege that the petitioner is no longer a mentally ill and dangerous person, except by inference in paragraphs 5 and 7. In paragraph 5 she suggests that no good and sufficient reason exists for a failure to implement the plan, and in paragraph 7 she alleges that she is entitled to the least restrictive alternative which

is available, as a matter of law.

The petition fails to allege that the petitioner is not, in fact, being treated or that she is being treated in an illegal manner at the Regional Center. At oral argument, petitioner's counsel disclaimed any implication that the petition alleged a contract theory between the treating authorities and the petitioner whereby petitioner would be entitled to release on the date set forth in the discharge plan. The petition does not disclose, other than by the use of the words, what exactly a "discharge plan" is. The allegation in paragraph 5 simply fails to allege any facts from which a court could infer that there exists a legitimate treatment alternative less restrictive on the petitioner's liberty interest than she is currently undergoing; in other words, that she is not, in fact, mentally ill and dangerous and should receive treatment in a less restricted setting. The recitation of conclusory statements and the absence of facts is fatal to the petition. " 'The petition must set forth the facts constituting the illegal detention. It is not sufficient to state that the petitioner is illegally restrained of his liberty, as that is a conclusion, but it must be made to appear in what the illegal restraint consists.' " *In re Application of Tail, Tail v. Olson,* 145 Neb. 268, 271, 16 N.W.2d 161, 163 (1944).

In view of our disposition of the case, we do not rule on the respondent's contention that habeas corpus is not available in this case since there is another adequate remedy. Neb. Rev. Stat. § 83-1046 (Reissue 1976) provides: "Whenever it shall be shown, by any person, to the satisfaction of the mental health board that either cause no longer exists for the care or treatment or a less restrictive alternative exists for a person committed as a mentally ill dangerous person, the mental health board shall order the immediate discharge of that person or change the treatment disposition. When a change in disposition is in issue, due process protec-

tions afforded under this act shall attach to the subject."

The judgment of dismissal is affirmed.

AFFIRMED.