STATE OF NEBRASKA, APPELLEE, V. C. MICHAEL ANDERSON, APPELLANT.

344 N.W.2d 473

Filed February 17, 1984. No. 83-267.

Richard J. Bruckner and W. Joseph Bruckner, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

PER CURIAM.

This is a companion case to the case of *State v. Hochstein, ante* p. 515, 344 N.W.2d 469 (1984), and grows out of the facts set out in detail in our earlier decision of *State v. Anderson and Hochstein,* 207 Neb. 51, 296 N.W.2d 440 (1980). The appellant, C. Michael Anderson, together with Peter Hochstein, was convicted of the first degree murder of Ronald J. Abboud and, after hearing, was sentenced to be executed. Anderson filed a petition for post conviction relief pursuant to the provisions of the Nebraska Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). The petition, after hearing, was denied, and Anderson now appeals to this court. We have reviewed the record as we did in *State v. Hochstein, supra,* and, as we concluded in *State v. Hochstein,* find that the trial court was correct in denying

Anderson's request for post conviction relief. For this reason we affirm the decision of the trial court.

Anderson has assigned the same four errors as assigned by Hochstein, and has adopted by reference Hochstein's brief with regard to assignments Nos. 1, 2, and 4. As in the case of *State v. Hochstein*, we may disregard assignments Nos. 1, 2, and 4 because they were matters previously considered by us in *State v. Anderson and Hochstein*, *supra*, and are not proper matters to be raised in a post conviction proceeding. *State v. Ohler*, 215 Neb. 401, 338 N.W.2d 776 (1983). That leaves us, then, only with Anderson's claim that the trial court erred in failing to find that he had ineffective assistance of counsel at trial and sentencing.

What we said in *State v. Hochstein*, *supra*, regarding ineffective assistance of counsel can be repeated in toto here. Anderson claims that he received ineffective assistance of counsel, but he fails in every respect to meet his burden by pointing out how his claims would have produced a different result. He claims that counsel was ineffective because he failed to call several witnesses, including Anderson's ex-wife, members of the victim's family, a magazine author, and a police officer. Furthermore, these same witnesses were not called at the post conviction hearing, and therefore, even if we were to assume that their testimony was either admissible or relevant, we do not know that they would have testified or what they would have said. Perhaps one example is sufficient to highlight the point. Anderson maintains that he received ineffective assistance of counsel because his ex-wife was not called as a witness to testify that persons other than Anderson had grudges against the victim. The record discloses, however, that the victim and Anderson's ex-wife may have been engaged in an extramarital affair and defense counsel was afraid that if she was called to testify, and this relationship was disclosed to the jury, the jury could conclude that Anderson

had a motive to see that Abboud was killed. We certainly cannot say that counsel was ineffective because he chose not to give the jury further evidence of a motive to kill. .

Anderson's additional claims are much like Hochstein's, and include failure to seek severance of the trial and failure of counsel to adequately confer with him. He also claims of counsel's failure to call a sufficient number of witnesses at the sentencing hearing, even though seven witnesses were called. As with Hochstein, Anderson makes the claims but produces no evidence.

Anderson's claims of ineffective assistance of counsel are even weaker than those of Hochstein's that we have already observed failed to meet the test. And, as with Hochstein, Anderson fails to establish what the evidence would have been or how taking other action would have changed the result. Anderson has simply failed to meet his burden. As we did with Hochstein, we have examined each and every claim and find none of them to have merit. For that reason we conclude that the trial court was correct in denying the relief sought, and the judgment of the trial court is affirmed.

AFFIRMED.