STATE OF NEBRASKA, APPELLEE, V. ROGER C. LACHAPELLE, APPELLANT.
451 N.W.2d 689

Filed February 16, 1990.    No. 89-246.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In its information, filed in the district court for Douglas County, the State charged Roger C. LaChapelle with possession of a short shotgun in violation of Neb. Rev. Stat. § 28-1203(1)

(Reissue 1989): "Any person or persons who shall transport or possess any machine gun, short rifle, or short shotgun commits a Class IV felony." LaChapelle filed a motion to dismiss the information, asserting that § 28-1203(1) was unconstitutional on account of the "Right to Bear Arms" amendment to article I, § 1, of the Nebraska Constitution, which amendment originated by the initiative process, was adopted at the general election on November 8, 1988, and provides:

> All persons are by nature free and independent, and have certain inherent and inalienable rights; among these are life, liberty, the pursuit of happiness, and the right to keep and bear arms for security or defense of self, family, home, and others, and for lawful common defense, hunting, recreational use, and all other lawful purposes, and such rights shall not be denied or infringed by the state or any subdivision thereof. To secure these rights, and the protection of property, governments are instituted among people, deriving their just powers from the consent of the governed.

The district court, having found § 28-1203(1) to be constitutional in relation to the Right to Bear Arms amendment, overruled LaChapelle's dismissal motion. In a bench trial, evidence established that LaChapelle used a shotgun, which had a barrel length less than 18 inches, to threaten a woman. The district court found LaChapelle guilty of the crime charged, for which LaChapelle was sentenced to imprisonment.

In his sole assignment of error, LaChapelle claims that the district court erred in overruling his dismissal motion, which challenged the constitutionality of § 28-1203(1) in reference to the Right to Bear Arms amendment to the Nebraska Constitution.

Neb. Rev. Stat. § 28-1201 (Reissue 1989) contains the definitions of "machine gun," "short rifle," and "short shotgun" for the purposes of § 28-1203(1). A machine gun is "any firearm, whatever its size and usual designation, that shoots automatically more than one shot, without manual reloading, by a single function of the trigger." § 28-1201(4). A short rifle is "a rifle having a barrel less than sixteen inches long

or an overall length of less than twenty-six inches." § 28-1201(5). A short shotgun is "a shotgun having a barrel or barrels less than eighteen inches long or an overall length of less than twenty-six inches." § 28-1201(6).

"One claiming that a statute is unconstitutional has the burden to show that the questioned statute is unconstitutional." *State ex rel. Spire v. Northwestern Bell Tel. Co.*, 233 Neb. 262, 265, 445 N.W.2d 284, 288 (1989). See, also, *State v. Comeau*, 233 Neb. 907, 448 N.W.2d 595 (1989); *Weiner v. State ex rel. Real Estate Comm.*, 217 Neb. 372, 348 N.W.2d 879 (1984). Unconstitutionality of a statute must be clearly demonstrated before a court can declare the statute unconstitutional. *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987).

*State v. Comeau, supra*, presented this court with the question whether the Right to Bear Arms amendment precludes Nebraska statutes "regulating the possession of firearms." *Id.* at 909, 448 N.W.2d at 596. The statutes involved in *Comeau* were Neb. Rev. Stat. § 28-1206 (Reissue 1989), which prohibits a felon's possession of a firearm with a barrel less than 18 inches in length, and Neb. Rev. Stat. § 28-1207 (Reissue 1989), which prohibits possession of a firearm with the manufacturer's identification marks or serial numbers removed, defaced, altered, or destroyed. In *Comeau* we noted that

"courts throughout the country have recognized that the constitutional right to keep and bear arms is not absolute, and these courts have uniformly upheld the police power of the state through its legislature to impose reasonable regulatory control over the state constitutional right to bear arms in order to promote the safety and welfare of its citizens."

*Id.* at 910, 448 N.W.2d at 597 (quoting *City of Princeton v. Buckner*, 377 S.E.2d 139 (W. Va. 1988)). Consequently, in *Comeau* we concluded that the Right to Bear Arms amendment does not prohibit the State's reasonable regulation regarding possession of firearms and held that the statutes in question were reasonable regulations enacted pursuant to the State's constitutionally valid exercise of its police power.

Thus, in LaChapelle's case the question is whether § 28-1203(1), which prohibits possession of a machine gun,

short rifle, or short shotgun, is a reasonable regulation concerning possession of a firearm in relation to the Right to Bear Arms amendment, Neb. Const. art. I, § 1.

Courts in other jurisdictions have found that a statute containing language substantially similar to § 28-1203(1) is a valid exercise of state police power regulating firearms so that a state's constitutional provision for a right to bear arms did not prevent prosecution and conviction for a violation of the firearm statute.

In *Commonwealth v. Davis*, 369 Mass. 886, 343 N.E.2d 847 (1976), the court, faced with the issue whether a statute which prohibited ownership or possession of a short, or sawed-off, shotgun was a valid exercise of state police power, rejected a right to bear arms constitutional challenge to the statute and stated:

> Presumptively the statute is valid as a police measure; indeed a sawed-off shotgun seems a most plausible subject of regulation as it may be readily concealed and is especially dangerous because of the wide and nearly indiscriminate scattering of its shot. A Legislature might be justified in concluding that such weapons are associated with violent crime and call for strict licensing if not suppression.

*Id.* at 889-90, 343 N.E.2d at 850.

In *State v. Fennell*, 95 N.C. App. 140, 382 S.E.2d 231 (1989), the court considered the constitutionality of a statute which prohibited possession of a shotgun " 'with a barrel or barrels of less than 18 inches in length.' " 95 N.C. App. at 142, 382 S.E.2d at 232. The constitutional question had arisen in light of the North Carolina Constitution, which had been construed to contain a guarantee of the "broader right to individuals to keep and bear arms." 95 N.C. App. at 143, 382 S.E.2d at 233. Although Fennell argued that the statute absolutely prohibited possession of any "short-barreled shotguns," the court observed that the questioned statute "does not completely ban a class of weapons protected by the Constitution"; rather, the statute allowed possession of any shotgun with a barrel length of 18 inches or greater. *Id.* The *Fennell* court concluded that the assailed statute bore "a fair relation to the preservation of the

public peace and safety" and, therefore, upheld the statute's constitutionality. 95 N.C. App. at 144, 382 S.E.2d at 233.

Still other courts have rejected a right to bear arms attack on a statute which restricted or prohibited the possession of a machine gun, short rifle, or short shotgun; for example, *Carson v. State*, 241 Ga. 622, 628, 247 S.E.2d 68, 73 (1978) (a firearm statute "was not arbitrary or unreasonable to prohibit the keeping and carrying of sawed-off shotguns, which are of a size such as can easily be concealed and which are adapted to and commonly used for criminal purposes"); *State v. Astore*, 258 So. 2d 33 (Fla. App. 1972) (a statute prohibiting the possession of short-barreled rifles did not violate the state constitutional right to bear arms); and *Morrison v. State*, 170 Tex. Crim. 218, 339 S.W.2d 529, 532 (1960) ("the statute making it unlawful to possess a machine gun is not violative of the constitutional right of every citizen to keep and bear arms in the lawful defense of himself or the state, [since] the Legislature [has] the power by law to enact such law with a view to prevent crime").

The foregoing decisions demonstrate that a legislature may properly forbid use or possession of a certain type of weapon, especially a weapon which is used almost exclusively for a criminal purpose, or as the court noted in *People v. Brown*, 253 Mich. 537, 541, 235 N.W. 245, 246-47 (1931):

> Some weapons are adapted and recognized . . . as proper for private defense of person and property. Others are the peculiar tools of the criminal. The police power of the State to preserve public safety and peace and to regulate the bearing of arms cannot fairly be restricted to the mere establishment of conditions under which all sorts of weapons may be privately possessed, but it may take account of the character and ordinary use of weapons and interdict those whose customary employment by individuals is to violate the law.

In view of the nature of a machine gun, short rifle, and short shotgun related to criminal purposes which may be achieved through such firearms, we find that § 28-1203(1) is not vitiated by the Right to Bear Arms amendment of 1988, is a valid

exercise of the State's police power in reasonable regulation of certain firearms, and does not contravene Neb. Const. art. I, § 1.

For that reason, we affirm the district court's judgment concerning LaChapelle's conviction and sentence.

AFFIRMED.