C. Michael Anderson, appellant, v. Frank O. Gunter, Director, Nebraska Department of Correctional Services, et al., appellees.

456 N.W.2d 286

Filed June 8, 1990. No. 89-388.

Alan G. Stoler for appellant.

Robert M. Spire, Attorney General, and Terri M. Weeks for appellees.

Boslaugh, White, Caporale, Shanahan, and Fahrnbruch, JJ., and Ronin and Colwell, D. JJ., Retired.

Per Curiam.

In *State v. Anderson and Hochstein*, 207 Neb. 51, 296 N.W.2d 440 (1980), this court affirmed the first degree murder conviction and death sentence of C. Michael Anderson. Postconviction relief was later denied to Anderson. See *State v. Anderson*, 216 Neb. 521, 344 N.W.2d 473 (1984). After the aforementioned proceedings, Anderson filed a petition for a writ of habeas corpus, but was denied habeas corpus relief by the district court for Lancaster County. Denial of habeas corpus relief is the subject of Anderson's present appeal to this court.

In his habeas corpus action, Anderson contended at trial and contends on appeal that the "Right to Bear Arms" amendment to Neb. Const. art. I, § 1, which was adopted at the general election on November 8, 1988, prevents execution of his death sentence, since the constitutional amendment guarantees Anderson the inalienable right to life and, therefore, abolishes the death penalty in Nebraska.

Neb. Const. art. I, § 1, as amended by the Right to Bear Arms amendment, provides:

All persons are by nature free and independent, and have certain inherent and inalienable rights; among these are life, liberty, the pursuit of happiness, *and the right to keep and bear arms for security or defense of self, family, home, and others, and for lawful common defense, hunting, recreational use, and all other lawful purposes, and such rights shall not be denied or infringed by the state or any subdivision thereof.* To secure these rights, and the protection of property, governments are instituted among people, deriving their just powers from the consent of the governed.

(Emphasis supplied regarding the language of the Right to Bear Arms amendment to Neb. Const. art. I, § 1.) In the Right to Bear Arms amendment, Anderson focuses on the language: "All persons are by nature free and independent, and have certain inherent and inalienable rights; among these are life, liberty, the pursuit of happiness . . . and such rights [life, liberty, pursuit of happiness, and bearing arms] shall not be denied or infringed by the state or any subdivision thereof." According to Anderson, the preceding language in the amendment to Neb. Const. art. I, § 1, guarantees Anderson the absolute right to life, which cannot be taken away by the State of Nebraska.

"To release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose."

*Rust v. Gunter*, 228 Neb. 141, 142, 421 N.W.2d 458, 459 (1988) (quoting *Hawk v. Olson*, 146 Neb. 875, 22 N.W.2d 136 (1946)). " 'The availability of habeas corpus in Nebraska is restricted. . . . We have consistently held that to release a person from a sentence of imprisonment by habeas corpus it must appear that the sentence was absolutely void. . . .' " *Rust v. Gunter, supra* at 142, 421 N.W.2d at 460 (quoting *Piercy v. Parratt*, 202 Neb. 102, 273 N.W.2d 689 (1979)).

Recently, in *State v. LaChapelle*, 234 Neb. 458, 451 N.W.2d 689 (1990), we construed the Right to Bear Arms amendment in

relation to a defendant's conviction for violation of a Nebraska statute which prohibited possession of a statutorily specified type of firearm, i.e., a short or sawed-off shotgun. Rejecting the contention that the Right to Bear Arms amendment authorized a citizen's absolute right to possession of certain types of firearms, we concluded in *LaChapelle* that a statute which prohibited possession of a particular type of firearm "is not vitiated by the Right to Bear Arms amendment of 1988, is a valid exercise of the State's police power in reasonable regulation of certain firearms, and does not contravene Neb. Const. art. I, § 1." 234 Neb. at 462-63, 451 N.W.2d at 691. A similar conclusion was also reached in *State v. Comeau*, 233 Neb. 907, 448 N.W.2d 595 (1989), in which this court recognized, notwithstanding the Right to Bear Arms amendment, the validity of Nebraska statutes prohibiting a felon's possession of a firearm with a barrel less than 18 inches in length and possession of a firearm with the manufacturer's identification marks or serial numbers removed, defaced, altered, or destroyed. In *Comeau*, we noted that

> "courts throughout the country have recognized that the constitutional right to keep and bear arms is not absolute, and these courts have uniformly upheld the police power of the state through its legislature to impose reasonable regulatory control over the state constitutional right to bear arms in order to promote the safety and welfare of its citizens."

*Id.* at 910, 448 N.W.2d at 597 (quoting *City of Princeton v. Buckner*, 377 S.E.2d 139 (W. Va. 1988).

At the outset in Anderson's present appeal, we note that the death penalty is, and at the time of Anderson's conviction and sentence was, statutorily authorized in Nebraska for a conviction of first degree murder, a Class I felony. See, Neb. Rev. Stat. § 28-105(1) (Reissue 1989) (penalty for first degree murder); Neb. Rev. Stat. §§ 29-2519 et seq. (Reissue 1989) (procedure for imposition of the death penalty). The death penalty for the crime of murder in the first degree is not a per se violation of constitutionally required due process. See, *Gregg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976); *Furman v. Georgia*, 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d

346 (1972); *State v. Simants,* 197 Neb. 549, 250 N.W.2d 881 (1977); *State v. Rust,* 197 Neb. 528, 250 N.W.2d 867 (1977); *State v. Stewart,* 197 Neb. 497, 250 N.W.2d 849 (1977), *overruled on other grounds, State v. Palmer,* 224 Neb. 282, 399 N.W.2d 706 (1986). In *Gregg,* the U.S. Supreme Court stated: "We hold that the death penalty is not a form of punishment that may never be imposed, regardless of the circumstances of the offense, regardless of the character of the offender, and regardless of the procedure followed in reaching the decision to impose it." 428 U.S. at 187. Thus, Anderson does not suggest that the death penalty for a conviction of certain crimes is a form of punishment outside a state's appropriate police power.

We find nothing in the Right to Bear Arms amendment to the Nebraska Constitution which expresses an intent to abolish the death penalty. Further, in construing the Right to Bear Arms amendment, we conclude that the constitutional amendment does not abolish the death penalty. Rather, under present Nebraska law, a citizen has the right to life so long as the citizen does not engage in criminal conduct which is condemned by the Nebraska Criminal Code and is punishable by the death penalty, all as a part of the valid police power of the State of Nebraska. Therefore, Anderson's contention that the Right to Bear Arms amendment abolishes the death penalty is without merit.

The judgment of the district court is affirmed.

AFFIRMED.