LOKEN, Chief Judge,
concurring.
I join the opinion of the court. In addition, even if I agreed with the government that Officer Hasiak had reasonable articulable suspicion that Jones was carrying a concealed weapon, I would affirm the suppression of evidence in this case.
The plain language of Neb.Rev.Stat. § 28-1202 makes clear that a significant portion of the general public may lawfully carry a concealed weapon — persons engaged in a lawful business in circumstances justifying carrying the weapon for defense of “person, property, or family,” and persons holding a valid permit issued under the Concealed Handgun Permit Act, Neb.Rev.Stat. §§ 69-2427 to -2448. If police find a concealed weapon during the course of a valid stop, such as a traffic stop, they may well have probable cause to arrest the person for violating a statute such as § 28-1202(1)(a). See United States v. Peyton, 108 F.3d 876, 877 (8th Cir.1997). But the question here is whether anyone reasonably suspected of having a firearm in his or her pocket or purse may be forcibly stopped and searched when the police have no particularized reason to suspect that the person is unlawfully carrying a weapon. No Eighth Circuit opinion has addressed that issue. In the one case *969 upholding a stop based upon the criminal activity of carrying a concealed weapon, we emphasized that the officer also had reasonable suspicion the defendant “was too young to obtain a permit to carry a concealed weapon.” United States v. Brown, 550 F.3d 724, 727 (8th Cir.2008).
The government asserted at oral argument that sweeping authority to stop and frisk any person suspected of carrying a concealed weapon is reasonable because the “exceptions” to the prohibition in § 28-1202(l)(a) are merely affirmative defenses. In the first place, the assertion is wrong. Although § 28 — 1202(l)(b) provides that carrying a weapon for self-defense reasons is an affirmative defense, § 28-1202(2) provides that the prohibition “does not apply to a person who is the holder of a valid permit.” Therefore, because the government offered no evidence that Officer Hasiak had reasonable suspicion Jones lacked a valid permit, it failed to prove a valid stop based on this statute.
More importantly, even if the statute expressly declared that all circumstances when a concealed weapon may be lawfully carried are “exceptions” and “affirmative defenses” to its prohibition, the people of Nebraska in the 1988 general election, some years after the enactment of § 28-1202, amended Article I, § 1 of the Nebraska Constitution to provide that their “inherent and inalienable rights” include the right “to keep and bear arms for security or defense of self, family, home, and others ... and all other lawful purposes.” This amendment doubtless did not invalidate § 28-1202(1)(a). See State v. LaChapelle, 234 Neb. 458, 451 N.W.2d 689, 690 (1990). But giving police officers unfettered discretion to stop and frisk anyone suspected of carrying a concealed weapon without some particularized suspicion of unlawful carrying conflicts with the spirit of the amendment. It is also contrary to a basic purpose of the Fourth Amendment’s reasonableness standard — to protect citizens from “the unconstrained exercise of discretion.” Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) (police must have “articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered” to stop a vehicle on those grounds).