Jasper Falkner, appellant, v. Nebraska Board of Parole and Nebraska Department of Correctional Services, appellees.

330 N.W.2d 141

Filed February 4, 1983. No. 82-036.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch, for appellant.

Paul L. Douglas, Attorney General, and Lynne Rae Fritz, for appellees.

Krivosha, C.J., Boslaugh, McCown, White, Hastings, and Caporale, JJ., and Moran, D.J.

BOSLAUGH, J.

The plaintiff, a prisoner confined in the penal complex, brought this action to determine the date on which he is entitled to be released from custody.

On August 16, 1972, the plaintiff was sentenced to imprisonment for 7 to 8 years by the District Court of Douglas County, Nebraska. He was paroled on March 16, 1978.

On June 3, 1978, the plaintiff was arrested in Council Bluffs, Iowa. He was sentenced to imprisonment in Iowa for not to exceed 5 years on October 18, 1978. This sentence was later amended to provide that it should run concurrently with any sentence the plaintiff might serve in Nebraska.

A probable cause hearing on revocation of the Nebraska parole was held in Council Bluffs, Iowa, on July 7, 1978. On February 23, 1979, the plaintiff was transferred to Nebraska under the provisions of the Interstate Corrections Compact. The Nebraska parole was revoked at a formal hearing on March 5, 1979. On November 21, 1979, the plaintiff was returned to Iowa.

On December 4, 1980, the plaintiff was paroled by Iowa, released to the custody of Nebraska, and returned to Nebraska. The Department of Correctional Services determined that the plaintiff did not recommence serving his Nebraska sentence until December 4, 1980. The plaintiff contends the time between February 23, 1979, and December 4, 1980, when he was in the physical custody of Nebraska should be credited against his Nebraska sentence. The trial court held that the determination made by the Department of Correctional Services was correct.

Neb. Rev. Stat. § 83-1,123(2) (Reissue 1981) provides: "(2) The time from the date of his declared delinquency until the date of his arrest for the custody of the Board of Parole shall not be counted as any portion of the time served." The issue to be determined is, When was the plaintiff "arrested

for the custody of the Board of Parole"?

Under the provisions of article IV(c) of the Interstate Corrections Compact, Neb. Rev. Stat. § 29-3401 (Reissue 1979), an inmate confined in an institution in a receiving state is at all times "subject to the jurisdiction of the sending State." A receiving state may refuse to return an inmate only if a criminal charge against the inmate is pending in the receiving state. See, § 29-3401, art. V(a); *State ex rel. Jakes v. Nebraska Board of Parole,* 212 Neb. 181, 322 N.W.2d 394 (1982).

We think the decision of the trial court was correct. When the plaintiff was returned to Nebraska on February 23, 1979, he remained subject to the jurisdiction of Iowa. Although confined in Nebraska, he continued to serve the Iowa sentence. The fact that the Iowa sentence was concurrent with any Nebraska sentence was of no consequence here because the plaintiff had not recommenced serving his Nebraska sentence. See *Williams v. State,* 280 N.W.2d 406 (Iowa 1979).

The judgment of the District Court is affirmed.

AFFIRMED.