David PIERCY, Appellant,

v.

Charles BLACK, Warden, Nebraska State Prison; The Nebraska Board of Parole, etc., Appellees.

No. 85–1226.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1985.
Decided Oct. 1, 1986.

Nancy L. Loftis, Lincoln, Neb., for appellant.

Linda Willard, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

David Piercy appeals the District Court's [1] dismissal of his petition for a writ of habeas corpus. We affirm.

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

## I.

The facts of this case are not disputed. In March 1971, a Nebraska court sentenced Piercy to five years imprisonment for burglary. Approximately eighteen months later, Piercy escaped and remained at large for over three months. In January 1973, he was returned to custody, and two months later was sentenced to a consecutive term of one year for the escape. In December 1974, having served over three years and eight months on these sentences, Piercy was released on parole.

Less than four months later, in April 1975, Piercy was arrested for possession of burglary tools, loitering, and prowling. He was denied bail through the intervention of the Nebraska Board of Parole (Board) and thus immediately began accumulating time toward his sentences. In August 1975, a Nebraska court sentenced Piercy to three to five years imprisonment for attempted burglary and to twenty months to five years imprisonment for possession of burglary tools. The court made these sentences concurrent to each other but consecutive to his previous sentences. Shortly thereafter, the Board revoked Piercy's parole on his 1971 and 1973 convictions.

Piercy served the time remaining on his 1971 and 1973 convictions and when discharged from those sentences in April 1977, had served approximately five years, eight months, and one week. He then began serving the sentence from his 1975 conviction, and in May 1978 was granted parole. Within four weeks, Iowa authorities arrested Piercy on burglary charges. In August 1978, the Iowa court sentenced Piercy to ten years imprisonment on his guilty plea. He remained in Iowa's physical custody until April 1979, when he was returned to Nebraska under the Interstate Corrections Compact, Neb.Rev.Stat. §§ 29–3401 et seq. He continued serving time on the Iowa conviction until Iowa discharged him in November 1982. He had served approximately four years and three months on his Iowa sentence.

■ In the interim, in April 1981, Nebraska sentenced Piercy to a consecutive six-month sentence for violating parole on his 1975 conviction. In November 1982, he began serving the time remaining on the 1975 conviction. Piercy completed this sentence in May 1986, and then began serving his six-month sentence for violating the 1978 parole. He was released on parole in July 1986, having served approximately four years and nine months on these two convictions.[2]

Piercy's attempts to secure post-conviction relief involve both state and federal court proceedings, in which he has claimed relief on four grounds, three of which he asserts in the petition before us: (1) denial of bail in violation of the Eighth Amendment; (2) failure to receive a prompt parole revocation hearing in violation of his Fifth and Fourteenth Amendment rights to due process and his Eighth Amendment right to make bail; and (3) Nebraska's failure to acknowledge the concurrent running of Piercy's Iowa and Nebraska sentences, in violation of the Full Faith and Credit Clause and the Due Process Clauses of the Fifth and Fourteenth Amendments.

■ After reviewing the record of Piercy's state and federal post-conviction proceedings, we are satisfied that he has exhausted state remedies for the first two grounds asserted in this appeal in conformity with 28 U.S.C. § 2254(b). As to the third, we agree with Piercy that recourse to the Nebraska courts would be futile in light of the Nebraska Supreme Court's ruling in *Falkner v. Nebraska Board of Parole*, 213 Neb. 474, 330 N.W.2d 141 (1983). Under almost identical facts, the Nebraska Supreme Court held that Falkner did not begin serving time on his Nebraska sentence when he was returned to Nebraska from Iowa under the Interstate Corrections Compact but was still subject to Iowa's

---

2. Although Piercy has been released, the issues presented in his petition are not thereby moot, since he remains in the "custody" of the state under the terms of his parole. *See Jones v.* *Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963); *Mabry v. Johnson,* 467 U.S. 504, 507 n. 3, 104 S.Ct. 2543, 2546 n. 3, 81 L.Ed.2d 437 (1984).

jurisdiction. *Id.* at 142. In a proper case, futility may be an appropriate defense to a claim of failure to exhaust state remedies. *See Ex parte Hawk,* 321 U.S. 114, 118, 64 S.Ct. 448, 450–51, 88 L.Ed. 572 (1944); *West v. Janing,* 449 F.Supp. 548, 550 (D.Neb.1978). Accordingly, we reach the merits of Piercy's claims.

In April 1984, Piercy filed the current petition for habeas corpus, which the District Court referred to a magistrate, who issued a report and recommendation based on the parties' briefs. The magistrate discussed in detail all three asserted grounds for relief, finding against Piercy on each, and recommended dismissing the claims with prejudice. Piercy, through counsel, timely filed a response stating his objections to the magistrate's report. The District Court adopted the magistrate's conclusions and accepted his recommendation that the petition for writ of habeas corpus be dismissed with prejudice. *Piercy v. Black,* No. CV84–L–54, at 3 (D.Neb. Jan. 11, 1985) (Memorandum Order), *reprinted in* D.R. at 111.

## II.

We turn first to the merits of Piercy's claim that he has been incarcerated longer than the time necessary to serve all the sentences imposed on him. Piercy argues that the time he spent in a Nebraska prison serving the Iowa sentence should be credited toward the time he had to serve on pending Nebraska sentences. In other words, he wants the Nebraska Board of Parole to treat his Iowa sentence as running concurrently with his Nebraska sentence for the period after he was transferred to Nebraska under the Interstate Corrections Compact, Neb.Rev.Stat. § 29–3401. We conclude, however, that his claim does not implicate any federal rights and therefore cannot properly be the subject of federal habeas corpus relief. *Cf. Veneri v. Missouri,* 734 F.2d 391, 393 (8th Cir.1984).

■ Federal habeas corpus relief is available only when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see generally Preiser v. Rodriguez,* 411 U.S. 475, 484–86, 93 S.Ct. 1827, 1833–34, 36 L.Ed.2d 439 (1973). Piercy attempts to raise constitutional arguments by asserting that Nebraska has failed to give full faith and credit to Iowa's judgment and sentence for the 1978 conviction. He claims that Iowa courts would interpret the sentence, which is silent on the question of concurrent or consecutive service of time, as running concurrently with any Nebraska sentences. In addition, Piercy claims he was deprived of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution when Nebraska, without notice or hearing, treated his paroled sentences as consecutive to his Iowa sentence.

■ We find these contentions meritless. Piercy's full faith and credit argument is baseless because one state cannot control the manner in which another state administers its criminal justice system. We agree with the Iowa Supreme Court that "[p]enal laws have no extraterritorial effect." *Herman v. Brewer,* 193 N.W.2d 540, 544 (Iowa 1972); *cf. Chaney v. Ciccone,* 427 F.2d 363, 365 (8th Cir.1970) (federal sentence not concurrent with state sentence). Moreover, in *Herman* the court held that the presumption of concurrent running of sentences only applies to sentences imposed by the same jurisdiction. 193 N.W.2d at 543–44.

■ Nor are we persuaded by Piercy's due process argument that he has a liberty interest in the concurrent running of his Iowa and Nebraska convictions. He has failed to show that either Iowa or Nebraska has created such a liberty interest, and it seems plain that they have not. *See Williams v. State,* 280 N.W.2d 406, 407 (Iowa 1979); *Herman,* 193 N.W.2d at 543; *Falkner v. Nebraska Board of Parole,* 213 Neb. 474, 330 N.W.2d 141, 142 (1983) (rejecting petitioner's contention that time

served in Nebraska on Iowa sentence should be credited to his Nebraska sentence); *see also Ex parte Ulrich*, 287 Neb. 684, 287 N.W. 81, 84 (1939) (prisoner whose parole has been revoked not relieved from serving unexpired term of sentence by virtue of intervening conviction for which he has served his sentence). Moreover, Piercy's due process claim finds no support in the decisions of federal courts, which have held there is no constitutional violation when a parole board imposes on a parole violator the remainder of an initial sentence and makes it consecutive to other sentences, even when the sentencing court has recommended otherwise. *See Wilkerson v. United States Board of Parole*, 606 F.2d 750, 751 (7th Cir.1979); *Hash v. Henderson*, 385 F.2d 475, 477–78 (8th Cir.1967).

The other two issues raised in Piercy's habeas petition can be disposed of very briefly. Piercy's claim to habeas relief because of an alleged denial of bail in April 1975 is without merit because he received credit on a subsequent sentence for time thereby served. Similarly, Piercy's claim that he was denied his constitutional right to a prompt due process hearing in 1975 is without significance because of the credit Piercy received for time served. In any event, the record indicates Piercy received ample due process in his parole revocation in 1975: Following his arrest on April 10, 1975, Piercy on April 15 received notice of a probable cause hearing, and the probable cause hearing was held the next day. Thereafter, the petitioner pleaded guilty to the charges against him and finally the Nebraska Board of Parole revoked Piercy's parole on August 29, 1975. We hold that the District Court was correct in dismissing these claims.

### III.

For the reasons discussed above, we affirm the judgment of the District Court dismissing Piercy's petition for a writ of habeas corpus.