LESTER L. GLANTZ, APPELLANT, V. FRANK X. HOPKINS,
WARDEN OF THE NEBRASKA STATE PENITENTIARY, AND
HAROLD CLARKE, DIRECTOR OF THE NEBRASKA DEPARTMENT
OF CORRECTIONAL SERVICES, APPELLEES.

624 N.W.2d 9

Filed March 30, 2001.   No. S-99-1202.

Peter K. Blakeslee for appellant.

Don Stenberg, Attorney General, and Linda L. Willard for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Lester L. Glantz appeals from the Lancaster County District Court's denial of his petition for writ of habeas corpus.

## SCOPE OF REVIEW

■ As only a void judgment is subject to attack in a habeas corpus action, an appellate court is limited in such a case to reviewing a question of law, namely, is the judgment in question void? *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d 816 (1994).

■ To the extent questions of law are involved, an appellate court is obligated to reach conclusions independent of the decisions reached by the court below. *State v. Burdette*, 259 Neb. 679, 611 N.W.2d 615 (2000).

## FACTS

Glantz was convicted of attempted burglary and possession of burglary tools. On March 26, 1996, he was sentenced as a habitual criminal to two concurrent terms of 10 to 12 years' imprisonment with credit for 179 days served while awaiting trial. At the time of sentencing, the district court stated that Glantz "must serve five years, minus any credit for time previously served toward parole eligibility and must serve six years, minus any . . . credit for time previously served toward mandatory discharge." The State of Nebraska did not appeal Glantz' sentence.

Glantz was notified by the Department of Correctional Services (Department) on July 2, 1996, that his earliest possible

parole date was September 26, 2005, and that his tentative release date was September 26, 2001. The Department later notified Glantz through a superseding "Inmate Time/Sentence Sheet" dated September 27, 1996, that his tentative release date had been extended to September 26, 2005, in accordance with an Attorney General opinion concerning mandatory minimum sentences.

Glantz then filed a petition for declaratory judgment in the district court, requesting that the court "void the standard issued by the respondent, Harold Clarke, Director of the Nebraska Department of Correctional Services." The "standard" was Harold Clarke's alleged application of Neb. Rev. Stat. § 83-1,110(1) (Reissue 1999) to his sentence. Section 83-1,110(1) provides in part: "[E]very committed offender shall be eligible for parole when the offender has served one-half the minimum term of his or her sentence. No such reduction of sentence shall be applied to any sentence imposing a mandatory minimum term."

Clarke demurred on the basis that the district court did not have jurisdiction due to sovereign immunity and that Glantz' petition failed to allege facts sufficient to state a cause of action. The district court sustained the demurrer, and on appeal to the Nebraska Court of Appeals, the decision was affirmed in a memorandum opinion filed April 13, 1998.

Glantz subsequently petitioned the district court for a writ of habeas corpus against Clarke and Frank X. Hopkins, warden of the Nebraska State Penitentiary (respondents). Glantz alleged that the action of the respondents in extending his release date to September 26, 2005, unlawfully changed and increased his sentence by removing parole eligibility and adding 5 to 6 years to the sentence. Glantz alleged that such actions violated his right to due process; violated his right to be free from ex post facto application of the law as guaranteed by article I, § 16, of the Nebraska Constitution; and violated the separation of powers doctrine of article II, § 1, of the Nebraska Constitution. Glantz claimed that the respondents' action would unlawfully deprive him of liberty at a future date, that the concept of habeas corpus should permit him to litigate his right to liberty at a future date, and that he should not be required to suffer deprivation of that liberty before he may seek relief.

Glantz prayed that the district court enter a writ of habeas corpus directing the respondents to grant him parole eligibility 5 years from the beginning of his sentence minus credit for 179 days served while awaiting trial and to grant him mandatory discharge 6 years from the beginning of his sentence minus credit for time served of 179 days.

The district court denied Glantz' petition for writ of habeas corpus. It found that Nebraska law made it clear that for a writ of habeas corpus to be appropriate, Glantz must first be illegally detained, and that Glantz had not alleged that he was currently being illegally detained or that his sentence was void. The district court found that Glantz' current confinement appropriately reflected his crime and that his sentence was issued and adjusted pursuant to the law in effect at the time he committed his crime. The district court concluded that based on the current facts, a writ of habeas corpus could not lie now or in the future. It denied Glantz' petition for writ of habeas corpus and entered judgment for the respondents. Glantz appeals.

## ASSIGNMENTS OF ERROR

Glantz assigns as error that the district court erred (1) in ruling that a writ of habeas corpus will not lie for a person who will be illegally confined at some point in the future, (2) in ruling that his sentence was issued and adjusted pursuant to the law in effect at the time he committed his crime and that a writ of habeas corpus will not lie for a person whose sentence as imposed by the court has been increased by the Department through ex post facto application of the law, and (3) in failing to find that his sentence was increased by the Department in violation of the separation of powers doctrine.

## ANALYSIS

In *Rehbein v. Clarke*, 257 Neb. 406, 409-10, 598 N.W.2d 39, 43 (1999), we stated:

Habeas corpus is a special civil proceeding providing a summary remedy to persons illegally detained. . . . A writ of habeas corpus is a remedy which is constitutionally available in a proceeding to challenge and test the legality

of a person's detention, imprisonment, or custodial depri-
vation of liberty. . . .

A writ of habeas corpus in this state is quite limited in
comparison to those of federal courts, which allow a writ
of habeas corpus to a prisoner when he is in custody in vio-
lation of the federal Constitution, law, or treaties of the
United States. . . . It is established that where a judgment
is attacked in a way other than a proceeding in the original
action to have the judgment vacated, reversed, or modified,
or a proceeding in equity to prevent its enforcement, the
attack is considered a "collateral attack." . . . An action for
habeas corpus is an example of such a collateral attack.
(Citations omitted.) As only a void judgment is subject to attack
in a habeas corpus action, an appellate court is limited in such a
case to reviewing a question of law, namely, is the judgment in
question void? *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d
816 (1994).

■ A writ of habeas corpus is a statutory remedy in Nebraska.
It is available to those persons falling within the criteria estab-
lished by Neb. Rev. Stat. § 29-2801 (Reissue 1995), namely,
those who are detained without having been convicted of a
crime and committed for the same, those who are unlawfully
deprived of their liberty, or those who are detained without any
legal authority. Glantz concedes that he does not fall within any
of these criteria. He contends however that it is unfair to force
him to wait to petition for a writ of habeas corpus until after the
date upon which the sentencing court stated he would be dis-
charged when the Department has already informed him that he
will not be discharged on that date. He argues that we should
avoid the possible danger of allowing a prisoner to be illegally
detained and that the Department will benefit by being on early
notice as to whether its action, which increases Glantz' sen-
tence, is permissible.

■ Statutory interpretation presents a question of law, in con-
nection with which an appellate court has an obligation to reach
an independent conclusion irrespective of the decision made by
the court below. *Tilt-Up Concrete v. Star City/Federal, ante* p.
64, 621 N.W.2d 502 (2001). Section 29-2801 speaks in terms of
present detention. We do not read into this section the possibil-

ity of future illegal detention as the basis for a writ of habeas corpus. Such a reading would be inconsistent with the nature of a writ of habeas corpus. "The writ is generally available only when the release of the prisoner from the detention he attacks will follow as a result of a decision in his favor." 39 Am. Jur. 2d *Habeas Corpus* § 13 at 221-22 (1999). It is not within the province of this court to expand the availability of this statutory remedy, and we leave that to the Legislature. Since the relief sought by Glantz would not result in his release, a writ of habeas corpus may not lie.

Glantz also argues that the State, and therefore the Department, has lost the right to challenge the sentence pronounced because the State did not appeal from the pronouncement of the sentence. Although this is an interesting argument, it is without merit. Glantz mistakenly cites to Neb. Rev. Stat. § 29-2306 (Reissue 1995) to support his position. Neb. Rev. Stat. § 29-2320 (Reissue 1995) provides for appeal of a sentence by a prosecutor and limits such appeals to cases where the prosecutor reasonably believes that the sentence is excessively lenient. Section 29-2320 does not extend to the appeal of a sentence that is not in conformity with the law. Therefore, we conclude that this argument is without merit.

## CONCLUSION

For the reasons set forth herein, we affirm the judgment of the district court that denied Glantz' petition for writ of habeas corpus.

AFFIRMED.