ROBERT L. GARZA, APPELLANT, V. MICHAEL KENNEY,
WARDEN OF THE NEBRASKA STATE
PENITENTIARY, APPELLEE.

646 N.W.2d 579

Filed June 21, 2002.   No. S-01-412.

Bryan E. Smith, Jr., of Hascall, Jungers & Garvey, for appellant, and, on brief, Robert L. Garza, pro se.

Don Stenberg, Attorney General, and Linda L. Willard for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Robert L. Garza filed a petition for writ of habeas corpus alleging that his conviction for kidnapping was void because a material element of the crime was neither charged in the information nor determined by the jury, thus depriving the trial court of jurisdiction to impose his sentence. The district court for Lancaster County sustained the State's motion to quash and dismissed Garza's petition for failure to state a claim for habeas corpus. Garza perfected this timely appeal.

## FACTS

On April 7, 1983, the State filed an information charging Garza with, inter alia, kidnapping, in violation of Neb. Rev. Stat. § 28-313 (Reissue 1995). On February 17, 1984, Garza was convicted by jury of the kidnapping charge and subsequently sentenced to life imprisonment.

On February 1, 2001, Garza filed a pro se verified petition for writ of habeas corpus in the district court for Lancaster County. In his petition, Garza alleged that the factual issue set forth in § 28-313(3), i.e., whether the victim of a kidnapping was voluntarily released unharmed prior to trial, is an essential element of the crime of kidnapping. He alleged that because the State did not include this element in the information, the district court lacked subject matter jurisdiction to hear the case and impose a sentence and that his conviction was therefore void. Garza also alleged that his conviction was void because his due process rights were violated when this issue was determined by a judge rather than a jury during sentencing.

After receiving Garza's petition, the district court issued an order requiring the State to show cause why a writ of habeas corpus should not issue. The State responded by filing a motion

to quash the petition and argued that Garza had not alleged an appropriate basis for relief. After a brief hearing, the district court sustained the motion to quash and dismissed the petition.

Garza timely appealed from this order and filed a petition to bypass review in the Nebraska Court of Appeals, which we granted.

## ASSIGNMENT OF ERROR

Garza assigns, restated and consolidated, that the district court erred in failing to void his conviction through a writ of habeas corpus because the fact issue set forth in § 28-313(3) must be included in the information and submitted to the jury before the trial court acquires the power to impose sentence.

## STANDARD OF REVIEW

■ As only a void judgment is subject to attack in a habeas corpus action, an appellate court is limited in such a case to reviewing a question of law, namely, is the judgment in question void? *Glantz v. Hopkins*, 261 Neb. 495, 624 N.W.2d 9 (2001); *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d 816 (1994).

■ To the extent questions of law are involved, an appellate court is obligated to reach conclusions independent of the decisions reached by the court below. *Glantz, supra*; *State v. Portsche*, 258 Neb. 926, 606 N.W.2d 794 (2000).

## ANALYSIS

In *Rehbein v. Clarke*, 257 Neb. 406, 409-10, 598 N.W.2d 39, 43 (1999), we stated:

> Habeas corpus is a special civil proceeding providing a summary remedy to persons illegally detained. See *In re Application of Tail, Tail v. Olson*, 144 Neb. 820, 14 N.W.2d 840 (1944). A writ of habeas corpus is a remedy which is constitutionally available in a proceeding to challenge and test the legality of a person's detention, imprisonment, or custodial deprivation of liberty. See *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995).

> A writ of habeas corpus in this state is quite limited in comparison to those of federal courts, which allow a writ of habeas corpus to a prisoner when he is in custody in violation of the federal Constitution, law, or treaties of the United

States. *Case v. State*, 177 Neb. 404, 129 N.W.2d 107 (1964), *vacated on other grounds* 381 U.S. 336, 85 S. Ct. 1486, 14 L. Ed. 2d 422 (1965). It is established that where a judgment is attacked in a way other than a proceeding in the original action to have the judgment vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement, the attack is considered a "collateral attack." *Mayfield v. Hartmann*, 221 Neb. 122, 375 N.W.2d 146 (1985). An action for habeas corpus is an example of such a collateral attack. *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d 816 (1994).

Only a void judgment may be collaterally attacked. *Mayfield v. Hartmann, supra.* Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Id.* A writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose. *Anderson v. Gunter*, 235 Neb. 560, 456 N.W.2d 286 (1990).

Garza assigns as error that his conviction is void because the factual issue outlined in § 28-313(3) is "a material element of the crime . . . which must be included in the charging information and submitted to the jury before the trial court acquires the power to impose sentence." This argument is without merit.

Section 28-313 provides:

(1) A person commits kidnapping if he abducts another or, having abducted another, continues to restrain him with intent to do the following:

(a) Hold him for ransom or reward; or

(b) Use him as a shield or hostage; or

(c) Terrorize him or a third person; or

(d) Commit a felony; or

(e) Interfere with the performance of any government or political function.

(2) Except as provided in subsection (3) of this section, kidnapping is a Class IA felony.

(3) If the person kidnapped was voluntarily released or liberated alive by the abductor and in a safe place without

having suffered serious bodily injury, prior to trial, kidnapping is a Class II felony.

In *State v. Schneckloth, Koger, and Heathman*, 210 Neb. 144, 313 N.W.2d 438 (1981), we considered and expressly rejected the argument that § 28-313(3) is an element of the crime of kidnapping. We noted that § 28-313(3) contained various mitigating factors to be considered by the court at sentencing and that these factors therefore need not be charged in the information nor submitted to the jury. We have reaffirmed this holding on three subsequent occasions. See, *State v. Becerra*, 263 Neb. 753, 642 N.W.2d 143 (2002) (*Becerra III*); *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998); *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993).

Garza also relies upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to support his argument that the jury must determine the factual issues outlined in § 28-313(3) before the court acquires the power to impose sentence. Recently, in *Becerra III*, we noted that *Apprendi* held that other than a prior conviction, any fact that increases the penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. We then wrote that

[u]nder § 28-313, any factual finding about whether the person kidnapped was voluntarily released affects whether the defendant will receive a lesser penalty instead of an increased penalty. *Apprendi* made clear that it was concerned only with cases involving an increase in penalty beyond the statutory maximum and does not apply to the mitigating factors in § 28-313.

*Becerra III*, 263 Neb. at 759, 642 N.W.2d at 148.

It is clear from the record that the district court which imposed Garza's sentence had jurisdiction of the offense and of Garza's person and that the sentence was within the power of the court to impose. The conviction was thus not void, and it is therefore not subject to collateral attack through our state habeas corpus remedy.

## CONCLUSION

The district court's dismissal of Garza's petition for a writ of habeas corpus is affirmed.

AFFIRMED.