James L. Johnson, appellant, v. Brian Gage, warden,
Tecumseh State Correctional Institution, and
Robert Houston, director, Department
of Correctional Services, appellees.

___ N.W.2d ___

Filed February 13, 2015.   No. S-14-166.

1. **Habeas Corpus: Appeal and Error.** On appeal of a habeas corpus petition, an
   appellate court reviews the trial court's factual findings for clear error and its
   conclusions of law de novo.
2. **Habeas Corpus.** A writ of habeas corpus is a statutory remedy in Nebraska
   that is available to those persons falling within the criteria established by Neb.
   Rev. Stat. § 29-2801 (Reissue 2008), namely, those who are detained without
   having been convicted of a crime and committed for the same, those who are
   unlawfully deprived of their liberty, or those who are detained without any
   legal authority.
3. ____. Habeas corpus is a special civil proceeding providing a summary remedy
   to persons illegally detained.
4. ____. A writ of habeas corpus is a remedy which is constitutionally available in
   a proceeding to challenge and test the legality of a person's detention, imprison-
   ment, or custodial deprivation of liberty.
5. ____. A writ of habeas corpus is available only when the release of the petitioner
   from the deprivation of liberty being attacked will follow as a result of a decision
   in the petitioner's favor.
6. **Habeas Corpus: Proof.** Habeas corpus requires the showing of legal cause, that
   is, that a person is detained illegally and is entitled to the benefits of the writ.

Appeal from the District Court for Johnson County: Daniel
E. Bryan, Jr., Judge. Affirmed.

James L. Johnson, pro se.

Jon Bruning, Attorney General, and Blake E. Johnson for
appellees.

Heavican, C.J., Connolly, Stephan, McCormack, Miller-
Lerman, and Cassel, JJ.

Miller-Lerman, J.
## NATURE OF CASE

James L. Johnson appeals the order of the district court
for Johnson County which denied and dismissed his peti-
tion for a writ of habeas corpus filed pursuant to Neb. Rev.
Stat. § 29-2801 (Reissue 2008). In this action, Johnson asked

the district court to rule on whether, in the future, he would be entitled to a credit against his Nebraska sentences when he resumed serving those sentences after completion of a California sentence. Because a ruling in Johnson's favor would not result in his release from detention, we conclude the writ is not available to Johnson in this action. We affirm the district court's denial and dismissal of Johnson's petition for a writ of habeas corpus.

## STATEMENT OF FACTS

In 1979, Johnson was convicted in the district court for Douglas County of uttering a forged instrument and, in a separate case, was convicted of second degree forgery and was found to be a habitual criminal. For the two convictions, the district court sentenced Johnson to imprisonment for a total of 18 to 25 years. Johnson began serving his sentences in a Nebraska prison, but he escaped from the prison in 1987.

Several years later, Johnson was arrested in California on murder charges. He was convicted of first degree murder in a California court, and in 1997, the California court sentenced Johnson to life in prison without the possibility of parole. Johnson was imprisoned in California until 2006, when he requested and was granted a voluntary transfer to the Nebraska prison system pursuant to the Interstate Corrections Compact, codified at Neb. Rev. Stat. § 29-3401 (Reissue 2008). The reason for the transfer was that he had family living in Nebraska. He was received into the Nebraska prison system on February 16, 2006.

Johnson is imprisoned at the Tecumseh State Correctional Institution. In April 2013, he filed a pro se petition for a writ of habeas corpus in the district court for Johnson County against certain officials of the Nebraska Department of Correctional Services. In the allegations in the petition, Johnson expressed his belief that when he was transferred to Nebraska in 2006, he resumed serving his sentences for the 1979 Nebraska convictions, and he claimed that, given the passage of time, the maximum term for those sentences had been completed on January 16, 2011. He requested a determination that he was entitled to a "credit" against the Nebraska sentences.

A hearing was held, and the district court denied and dismissed Johnson's petition on February 5, 2014. The court concluded that under the Interstate Corrections Compact, the receiving state acts solely as a holding agent for the sending state. The court cited *Falkner v. Neb. Board of Parole*, 213 Neb. 474, 330 N.W.2d 141 (1983), as controlling. In *Falkner*, this court held that a Nebraska parole violator who was serving a sentence in Iowa for an offense subsequent to the Nebraska conviction did not recommence serving his Nebraska sentence until he had been released from custody in Iowa and arrested for the Nebraska parole violation. Johnson contended that *Falkner* did not control this case, because he was not a parole violator and instead was a prison escapee. The court rejected Johnson's argument.

The court concluded that Nebraska was holding Johnson as an agent for California; that he had been serving only his California sentence, albeit in Nebraska; and that he would not begin serving his Nebraska sentences again until after he had been released from his California sentence and arrested for custody by Nebraska. In its order denying the writ, the court noted that at the hearing, Johnson agreed that the court did not have "jurisdiction to rule on the California sentence," which under the court's analysis was the only sentence Johnson was currently serving.

Johnson appeals.

## ASSIGNMENT OF ERROR

Johnson claims that the district court erred when it denied and dismissed his petition for a writ of habeas corpus.

## STANDARD OF REVIEW

[1] On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo. *Anderson v. Houston*, 277 Neb. 907, 766 N.W.2d 94 (2009).

## ANALYSIS

Johnson petitioned for a writ of habeas corpus pursuant to § 29-2801, which provides as follows:

If any person, except persons convicted of some crime or offense for which they stand committed, or persons committed for treason or felony, the punishment whereof is capital, plainly and specially expressed in the warrant of commitment, now is or shall be confined in any jail of this state, or shall be unlawfully deprived of his or her liberty, and shall make application, either by him or herself or by any person on his or her behalf, to any one of the judges of the district court, or to any county judge, and does at the same time produce to such judge a copy of the commitment or cause of detention of such person, or if the person so imprisoned or detained is imprisoned or detained without any legal authority, upon making the same appear to such judge, by oath or affirmation, it shall be his duty forthwith to allow a writ of habeas corpus, which writ shall be issued forthwith by the clerk of the district court, or by the county judge, as the case may require, under the seal of the court whereof the person allowing such writ is a judge, directed to the proper officer, person or persons who detains such prisoner.

[2] In *Glantz v. Hopkins*, 261 Neb. 495, 624 N.W.2d 9 (2001), *disapproved on other grounds, State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009), we described a writ of habeas corpus as a statutory remedy in Nebraska that is available to those persons falling within the criteria established by § 29-2801, namely, those who are detained without having been convicted of a crime and committed for the same, those who are unlawfully deprived of their liberty, or those who are detained without any legal authority.

[3-6] Elsewhere, we have explained the availability of habeas corpus as follows:

Habeas corpus is a special civil proceeding providing a summary remedy to persons illegally detained. A writ of habeas corpus is a remedy which is constitutionally available in a proceeding to challenge and test the legality of a person's detention, imprisonment, or custodial deprivation of liberty. A writ is available only when the release of the petitioner from the deprivation of liberty

being attacked will follow as a result of a decision in the petitioner's favor. Habeas corpus requires the showing of legal cause, that is, that a person is detained illegally and is entitled to the benefits of the writ.

*Tyler v. Houston*, 273 Neb. 100, 104, 728 N.W.2d 549, 553 (2007).

The record in this case shows that in his petition, Johnson claimed he was entitled to a credit against his Nebraska sentences for the time that he had spent in the Nebraska prison since 2006, and he sought a ruling stating that he would be entitled to a credit in a future calculation of his Nebraska sentences. At the hearing, Johnson acknowledged, "I still have to do my California sentence. . . . I know they're not going to release me." Johnson did not dispute that he was legally detained on his California life sentence and that a favorable result in this case would not result in his release.

In *Glantz, supra*, we described the limited availability of a writ of habeas corpus in Nebraska as follows:

Section 29-2801 speaks in terms of present detention. We do not read into this section the possibility of future illegal detention as the basis for a writ of habeas corpus. Such a reading would be inconsistent with the nature of a writ of habeas corpus. "The writ is generally available only when the release of the prisoner from the detention he attacks will follow as a result of a decision in his favor." 39 Am. Jur. 2d *Habeas Corpus* § 13 at 221-22 (1999). It is not within the province of this court to expand the availability of this statutory remedy, and we leave that to the Legislature.

261 Neb. at 499-500, 624 N.W.2d at 12. We concluded in *Glantz* that because the relief sought by the petitioner would not result in his release, a writ of habeas corpus was not available.

Similarly, in the present case, even if the court agreed with Johnson's claim that he had completed his Nebraska sentences, Johnson would not be entitled to immediate release, because, as he acknowledged, he would still be legally detained pursuant to his California life sentence. The relief Johnson sought was more in the way of a declaration that at some point in

the future, after he was no longer legally detained on the California sentence, it would be illegal to detain him on the Nebraska sentences. Such a "possibility of future illegal detention" is not the basis for a writ of habeas corpus. See *id*. Because a writ of habeas corpus was not available to Johnson based on the claims he made in his petition and his position at the hearing, we agree with the district court that he was not entitled to habeas corpus relief.

## CONCLUSION

We conclude that the district court did not err when it concluded that Johnson was not entitled to a writ of habeas corpus. We therefore affirm the district court's denial and dismissal of Johnson's petition for a writ of habeas corpus.

AFFIRMED.

WRIGHT, J., participating on briefs.

———————————

STACY M., APPELLEE, V.
JASON M., APPELLANT.
___ N.W.2d ___

Filed February 13, 2015.    No. S-14-214.

1. **Equity: Appeal and Error.** On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination.
2. **Parent and Child: Paternity.** A finding that an individual is not a biological father is not the equivalent of a finding that an individual is not the legal father.
3. **Parent and Child: Paternity: Presumptions: Evidence.** Under Nebraska common law, later embodied in Neb. Rev. Stat. § 42-377 (Reissue 2008), legitimacy of children born during wedlock is presumed. This presumption may be rebutted only by clear, satisfactory, and convincing evidence.
4. **Jurisdiction: Divorce: Paternity.** The district court in a dissolution proceeding has jurisdiction to resolve a disputed issue of paternity.
5. **Divorce: Paternity: Child Support.** Even if paternity is not directly placed in issue or litigated by the parties to a dissolution proceeding, any dissolution decree which orders child support implicitly makes a final determination of paternity.
6. **Divorce: Paternity: Presumptions: Evidence.** When the parties fail to submit evidence at the dissolution proceeding rebutting the presumption of paternity, the dissolution court can find paternity based on the presumption alone.